UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH R. PADDOCK<br><br>Plaintiff,<br><br>vs.<br><br><br>PEACEHEALTH, INC. d/b/a ST. JOSEPH'S MEDICAL CENTER and PEACEHEALTH MEDICAL GROUP, BELLINGHAM ANESTHESIA ASSOCIATES, P.S., FOURTH CORNER NEUROSURGICAL ASSOCIATES, INC., P.S., NORTHWEST RADIOLOGISTS, INC., P.S., DAVID E. BAKER, M.D., JASON M. STOANE, M.D., PAUL B. FREDETTE, M.D., JOHN E. MORRISON, M.D., CARMEN V. HELLINGA, R.N., DAVID A. FLARRY, R.N., JOANNA B. AXELSON, R.N., CAMILLE A. MILLER, M.D., and TUNG M. HA, D.O.,<br><br>Defendants. | Civil Action No. 2:21-CV-00639-JHC<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties, by and through their undersigned counsel of record, hereby stipulate to entry of the following protective order.

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, private or proprietary information for which special protection may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this agreement is consistent with WD LCR 26(c).  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are

entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.  This agreement and order also does not require any party or person to produce information or records not properly subject to discovery under the Federal Rules of Civil Procedure or applicable privileges. This Order is a Qualified Protective Order complying with 45 C.F.R. §164.512(e)(1)(v)(A) and (B) and authorizing disclosure of protected health information pursuant to 45 C.F.R. §164.512(e)(1)(iv)(A).

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: PeaceHealth St. Joseph Medical Center's medical staff bylaws that were in effect on August 2-3, 2020.  "Confidential" material may include "protected health information" as defined in 45 C.F.R. § 160.103 and 164.501.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.

Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

   4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

     (a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

     (b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

     (c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

     (d) the court, court personnel, and court reporters and their staff;

     (e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

     (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     <u>Filing Confidential Material</u>.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  WD LCR 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.  If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Information in documentary form</u>: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>:  the parties and any participating non-parties must identify on the record, during the deposition, or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     <u>Other tangible items</u>:  the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels   disclosure   of   any   information   or   items   designated   in   this   action   as

STIPULATED PROTECTIVE ORDER - Page 6

"CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order,

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.     NON-TERMINATION AND RETURN OF DOCUMENTS

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of destruction.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

**DATED** this 9th day of August, 2022.

BENNETT BIGELOW & LEEDOM, P.S.

By _____
Jennifer L. Moore, WSBA No. 30422
Lauren M. Martin, WSBA No. 49026
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
 (206) 622-5511
Jmoore@bbllaw.com
lmartin@bbllaw.com
Attorneys for Peacehealth, Inc. d/b/a St. Joseph Medical
Center and PeaceHealth Medical Group

MOSELY COLLINS LAW, APLC

By: s/John J. Kinney III
JOHN J. KINNEY III, WSBA No. 53905
701 5th Avenue, #4200
Seattle, WA 98104
206-333-2960
john@moseleycollins.com
Attorney for Plaintiff Elizabeth Paddock

JOHNSON GRAFFE, KEAY, MONIZ & WICK, LLP

By: s/Philip M. deMaine
Philip M. deMaine, WSBA #28389
Brennen Johnson, WSBA #51665

1   2115 N. 30th St., Ste 101
    Tacoma, WA 98403
2   (253) 572-5323
    phild@jgkmw.com
3   brennenj@jgkmw.com
    Attorneys for Bellingham Anesthesia Associates and John
4   Morrison, M.D.

5   JOHNSON GRAFFE, KEAY, MONIZ & WICK, LLP

6   By: s/Miranda K. Aye
    Miranda K. Aye, WSBA #40582
    Aida Babahmetovic, WSBA #53207
7   925 4th Avenue, Suite 2300
    Seattle, WA 98104-1145
8   (206) 223-4770
    Miranda@jgkmw.com
9   aidab@jgkmw.com
    Attorneys for Camille A. Miller, M.D.

10  FAIN ANDERSON VANDERHOEF ROSENDAHL
    O'HALLORAN SPILLANE, PLLC

11  By: s/Ketia B. Wick
    Ketia B. Wick, WSBA #27219
12  701 5th Ave., Suite 4750
    Seattle, WA 98101
13  ketia@favros.com
    Attorney for Paul B. Fredette, M.D.

14  FAIN ANDERSON VANDERHOEF ROSENDAHL
    O'HALLORAN SPILLANE, PLLC

15  By: s/Scott O'Halloran
    Scott O'Halloran, WSBA #25236
16  701 5th Ave., Suite 4750
    Seattle, WA 98101
17  ketia@favros.com
    Attorney for Fourth Corner Neurosurgical Associates,
18  P.S., David E. Baker, M.D. and Tung M. Ha, D.O.

19  HART WAGNER

20  By: s/Gordon L Welborn
    Gordon L Welborn, WSBA #23769
    439 SW Umatilla Avenue

STIPULATED PROTECTIVE ORDER - Page 9

1

Redmond, OR 97756
glw@hartwagner.com

2

Attorney for NW Radiologists and Jason M. Stoane, M.D.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

**ORDER**

IT IS HEREBY ORDERED that this Stipulated Protective Order is approved and entered by the Court. DATED this 10th day of August, 2022.

_____
John H. Chun
United States District Court Judge

**EXHIBIT A**

**DECLARATION OF ____________________________**

1. My name is ____________________________. I am over the age of 18 years and am a resident of ______________ County, ___________________. I make this Declaration based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2. I am aware that a Protective Order has been entered in *Paddock v. PeaceHealth, et al.*, Case No. 2:21-CV-00639 JHC, United States District Court, Western District at Seattle.

3. A copy of that Protective Order has been shown to me, and I have read and understand its contents.

4. By signing this Declaration, I promise that I will use the materials and contents of the materials designated "confidential" pursuant to the above-described Protective Order for the purpose of assisting counsel for a party to the above-described civil action in the adjudication of that action and for no other purpose.

5. By signing this Declaration, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order with, to, or for any person or entity other than the Court, a party to the above-described civil action, counsel for a party to the above-described civil action, including other counsel, paralegals, and clerical staff employed in his or her office, persons permitted by the above-described Protective Order to attend depositions taken in the above-described civil action, and persons or entities assisting such counsel who have executed a declaration in the same form as this Declaration.

6. By signing this Declaration, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any materials or the contents of any materials designated "CONFIDENTIAL"

pursuant to the above-described Protective Order except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case all such copies, transcriptions, or reproductions shall be made solely for my own use in connection with my work in the above matter.  I further promise at the conclusion of this case to deliver all materials (originals and copies) designated "CONFIDENTIAL" to the counsel who originally directed that said materials be provided to me.

7.      I understand that, by signing this agreement, I am agreeing to subject myself to the jurisdiction of this Court.

8.      I understand that any use or distribution of the materials or contents of the materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order in any manner contrary to the provisions of the Protective Order will subject me, among other things, to the summary sanctions of this Court for contempt.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed this __ day of _____, 20__, at _____, _____.
                                                                              (City)                         (State)


                                                            By: _____
                                                            Signature