UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH R. PADDOCK,<br>                    Plaintiff,<br><br>        v.<br><br>PEACEHEALTH, INC. d/b/a ST. JOSEPH'S MEDICAL CENTER and PEACEHEALTH MEDICAL GROUP, et al.,<br>                    Defendant. | CASE NO. 2:21-cv-00639-JHC<br><br>ORDER |

This matter comes before the Court on Defendant Peacehealth Inc. d/b/a St. Joseph's Medical Center and Peacehealth Medical Group's Motion for Summary Judgment. *See* Dkt. # 101. The briefing on the motion addresses the issue of apparent agency. The Court ORDERS supplemental briefing on this issue for the reason below.

"Under apparent authority, an agent (e.g., a doctor) binds a principal (e.g., a hospital) if objection manifestations of the principal *cause* the one claiming apparent authority to actually, or subjectively, believe that the agent has authority to act for the principal and such belief is objectively reasonable." *Mohr v. Grantham*, 172 Wash. 2d 844, 860, 262 P.3d 490 (2011) (quoting *King v. Riveland,* 125 Wash. 2d 500, 507, 886 P.2d 160 (1994) (quotations omitted)) (emphasis added). Put another way:

ORDER - 1

> One who represents that another is [their] servant or other agent and thereby ***causes*** a third person to justifiably rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if [they] were such.

RESTATEMENT (SECOND) OF AGENCY § 267 (AM. L. INST. 1958) (cited with approval in *Adamski v. Tacoma General Hosp.,* 20 Wash. App. 98, 112, 579 P. 2d 970 (1978) and *Wilson v. Grant*, 162 Wash. App. 731, 744, 258 P.3d 689 (2011), *as corrected* (Aug. 18, 2011)) (emphasis added); *see also Rosalez v. Baker*, No. C09-0065-JCC, 2010 WL 4068926, at *5–*6 (W.D. Wash. Oct. 15, 2010).  Therefore, to recover under a theory of apparent agency in a hospital-physician context, a plaintiff must show: (1) conduct by the hospital that would cause a reasonable person to believe that the physician was an agent of the hospital, and (2) reliance on that apparent agency relationship by the injured patient.  *Wilson*, 162 Wash. App. at 744 (citing *Adamski,* 20 Wash. App. at 112–15); *see also, e.g.*, *Menzer v. Cath. Health Initiatives*, 18 Wash. App. 2d 1059, *8 (2021).  Consistent with this doctrine, the Washington Pattern Jury Instruction "Hospital Responsibility—Apparent Agency" states in pertinent part:

> A hospital is liable for the conduct of a health care provider who is not a hospital employee if the health care provider was the apparent agent of the hospital.  This is established if you find that the hospital, through its own acts or failures to act, has ***caused*** the patient to reasonably believe the treatment is being provided by a hospital employee.

WPI 105.02.03 Hospital Responsibility—Apparent Agency, 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 105.02.03 (7th ed.) (emphasis added). The briefing thus far does not focus—to the Court's satisfaction—on evidence relating to the sub-issue of causation.  Accordingly, the Court ORDERS the parties to provide supplemental briefing on the following questions:

> Has Plaintiff provided evidence of such causation?  In other words, has Plaintiff provided evidence that an objective manifestation by Defendant PeaceHealth

ORDER - 2

caused her claimed subjective belief?  If not, should the Court grant the motion for summary judgment?

Plaintiff's brief must not exceed 2,100 words and must be filed by 5:00 p.m. on January 26, 2024.

Defendant Peacehealth's brief must not exceed 2,100 words and must be filed by 5:00 p.m. on February 2, 2024.

The Court DIRECTS the Clerk to re-note Peacehealth's motion for summary judgment (Dkt. # 101) for February 2, 2024.

Dated this 18th day of January, 2024.

*John H. Chun*

John H. Chun
United States District Judge